UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-10252-CV-KING
MAGISTRATE JUDGE REID

JOVANNE MACK,

    Petitioner,

v.

SEC'Y, DEP'T OF CORR.,

    Respondent.

## REPORT OF MAGISTRATE JUDGE

Petitioner has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF 1]. His Petition attacks the constitutionality of his judgment of conviction in Case No. 15-CF-745-A-K, Sixteenth Judicial Circuit, Monroe County. The Undersigned has reviewed the entire record, including Petitioner's § 2254 Petition. As further discussed below, the Petition should be DENIED.

### I.    Background

The state charged Petitioner with one count of sale of cocaine within 1,000 feet of a public park or a publicly owned recreational facility. [ECF 20-1, p. 11].[1] A jury convicted him of this offense. [*Id.* p. 17]. The court sentenced him to six years in prison, followed by two years of probation. [*Id.* p. 24]. Petitioner appealed. [*Id.* p. 55]. The Third District Court of Appeal ("Third District") affirmed without comment. [*Id.* p. 72].

Petitioner eventually filed an amended Rule 3.850 motion alleging that counsel ineffectively advised him to reject a favorable plea offer of two years in prison, followed by two

---

[1] All page citations for ECF entries refer to the page-stamp number located at the top, right-hand corner of the page.

years of probation. [*Id.* pp. 105-09]. In support, Petitioner alleged that counsel advised him that his chances of acquittal were "very high" because the state would have difficulty establishing that he was the person in a surveillance video who sold drugs to a confidential informant ("CI"). [*Id.* p. 106]. The postconviction court denied this claim. [*Id.* pp. 117-18]. The court held that petitioner failed to show deficiency or prejudice. [*Id.* p. 117]. The court reasoned that the claim was "legally insufficient because the deficiencies alleged lack[ed] specificity[.]" [*Id.*] Further, the court reasoned that "counsel clearly put on a defense of misidentification, and there was a reasonable probability that [petitioner] could have succeeded at trial on this argument." [*Id.* p. 118]. The Third District affirmed without comment. [*Id.* p. 138].

Petitioner filed this § 2254 Petition, [ECF 1], whose timeliness the state concedes, [ECF 19, p. 15]. Petitioner alleges therein that counsel misadvised him not to take the plea offer. [ECF 1, p. 6]. In support, he alleges: "Counsel misadvised [] petitioner as to his chances of winning the case at trial by asserting that [the state's] case was weak and [that] the state could not identify [] petitioner as the person who sold the drugs in the video with the [CI]. Petitioner relied on this misadvice to reject the [] plea offer." *Id.* Petitioner provides no further allegations to support this claim. The state filed a Response and supporting documentation. [ECF 19; 20; 21]. Petitioner did not file a reply, despite being advised that he may do so. [ECF 11, p. 6].

## II.     Legal Standard Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1)'s "contrary to" clause, courts may grant the writ if the state court: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under its "unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the case. *See id.* at 413. "[C]learly established Federal law" consists of Supreme Court "precedents as of the time the state court renders its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation and emphasis omitted).

An unreasonable application of federal law differs from an incorrect application of federal law. *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation omitted). Under this standard, "a state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Courts "apply this same standard when evaluating the reasonableness of a state court's decision under § 2254(d)(2)." *Landers v. Warden*, 776 F.3d 1288, 1294 (11th Cir. 2015). That is, "[a] state court's . . . determination of facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination." *Id.* (citation omitted).

Under § 2254(d), "when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion[,]" "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

But where the decision of the last state court to decide a prisoner's federal claim contains no reasoning, federal courts must "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* "It should then presume that the unexplained decision adopted the same reasoning." *Id.*

### III.   Ineffective Assistance of Counsel Principles

"[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in" *Strickland v. Washington*, 466 U.S. 668 (1984). *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (citation omitted). To establish a claim of ineffective assistance of counsel, petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687.

To prove deficiency, he must show that his attorney's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prove prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

It is "all the more difficult" to prevail on a *Strickland* claim under § 2254(d). *Harrington*, 562 U.S. at 105. As the standards that *Strickland* and § 2254(d) create are both "highly deferential,"

4

review is "doubly" so when the two apply in tandem. *Id.* (citation omitted). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Id.* Rather, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Petitioner has the burden of proof on his ineffectiveness claim, *see Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012), as well as the burden of proof under § 2254(d). *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Discussion

Petitioner's claim lacks merit. The postconviction court reasonably held that Petitioner could not show deficiency or prejudice based on the legal insufficiency of the claim. Petitioner's allegation that counsel advised him that the prosecution had a weak case and would have difficulty proving that petitioner was the person in the surveillance video selling drugs to the CI is unsupported and conclusory. Because he has failed to provide any reasonably specific allegations regarding this alleged misadvice, petitioner cannot show that it was deficient or prejudicial. *See Pinholster*, 563 U.S. at 181; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements." (citing R. 2(c), Rules Governing § 2254 Cases)).

Furthermore, the record supports the postconviction court's finding that counsel reasonably advised Petitioner that he could prevail on a defense of misidentification. In its Response here, the state correctly notes that, during closing argument, defense "counsel focused on the failure of the [surveillance] video to demonstrate that anything was being exchanged between [petitioner] and the CI." [ECF 19, p. 25]. Further, "counsel focused on the possible presence of a third person." [*Id.* p. 26]; *see also* [ECF 21-4, pp. 33-34, 40-45 (counsel's arguments)]. The Undersigned has

5

reviewed the surveillance video of the alleged drug sale, which was in evidence at trial. It reasonably supports the state's position here that the video's quality "reasonably [can] be described as poor" and that the video reasonably supports "any belief by defense counsel that the State's case had weaknesses." [ECF 19, pp. 23-26]. Thus, it is arguable that counsel reasonably advised petitioner that he could prevail on a misidentification defense. *See Teers v. United States*, 739 F. App'x 960, 966-67 (11th Cir. 2018) (*per curiam*) ("[T]here is a difference between expressing optimism about a defendant's chances at trial and guaranteeing that the defendant will win."); *see also Kolbasook v. McCoy*, 7 F. App'x 57, 57 (2d Cir. 2001) (counsel's advice to reject plea offer "given potential ambiguity of the evidence against [the defendant] at the time of the first plea offer" was reasonable); *cf. Lafler v. Cooper*, 566 U.S. 156, 174 (2012) ("[A]n erroneous strategic prediction . . . is not necessarily deficient performance.").

In sum, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

## V. Evidentiary Hearing

"[B]efore a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated [on the merits] by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record." *Landers*, 776 F.3d at 1295. Here, Petitioner's claim was adjudicated on the merits in state court and he has not demonstrated an error in clearly established federal law or an unreasonable determination of fact. Thus, an evidentiary hearing is improper.

## VI. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases. "If the court issues a

certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2254 Cases.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted).

Here, the Undersigned denies a certificate of appealability. If Petitioner disagrees, he may so argue in any objections filed with the District Judge. *See* R. 11(a), Rules Governing § 2254 Cases ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

## VII. Recommendations

As discussed above, it is recommended that Petitioner's § 2254 Petition [ECF 1] be DENIED. It is further recommended that no certificate of appealability issue; that final judgment be entered; and that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds

of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 15th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

Jovanne Mack
M32184
Avon Park Correctional Institution
Inmate Mail/Parcels
8100 Highway 64 East
Avon Park, FL 33825
PRO SE

Marlon J. Weiss
Office of the Attorney General
Criminal Appeals Division
444 Brickell Ave., Ste. 650
Miami, FL 33131
(305) 377-5441
Email: marlon.weiss@myfloridalegal.com

Richard L. Polin
Attorney General Office
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami, FL 33131
305-377-5441
Email: Richard.Polin@myfloridalegal.com

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com